HILLIGSBERG *vs.* HOLMES.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW—ORLEANS.

The defendant, in an execution, is subject to no interest, simple or
compound, after the adjudication of his property, whether on credit or
for cash.

In a sale of property, under execution, on twelve month's credit, the
purchaser is required to give bond for the whole amount of principal,
interest and costs due on the day of sale, as if made for cash; and on that
aggregate sum, the same rate of interest is allowed in the bond, as that
on the original debt, from the day of sale.

When the judgment of the court *a qua* is amended, on appeal, although
both parties asked and obtained an alteration, the appellee will be required
to pay costs in both courts.

The plaintiff alleges that he sold a lot of ground, in the
city of New-Orleans, on the first of November, 1828, to one
P. S. Hamblet, for two thousand, one hundred dollars,
payable by instalments of seven hundred dollars each, in one,
two and three years from the date of the sale, with interest
at the rate of ten per cent. per annum, from the times when
said notes respectively became due, if not punctually paid,
until final payment, together with a mortgage retained on the
property, to secure the payment of the price thereof.

The two last notes being unpaid after becoming due, and
the purchaser having died in the mean time, but leaving an
heir, the plaintiff obtained an order of seizure and sale of the
lot in question, and I. T. Preston, Esq. was appointed curator
*ad hoc,* to the heir who resided out of the state, and as a
defensor to the suit.

At the sale of the property, on the 18th of October, 1834,
Newland Holmes became the purchaser, as the last and
highest bidder, for four thousand, three hundred and seventy-
five dollars, payable on twelve months credit, on his giving

his bond, with security and a mortgage on the premises, until complete payment.

· On the 10th of November, following, the purchaser having failed to comply with the terms of the sale, the plaintiff's counsel, on suggesting these facts to the court, obtained a rule on Holmes, to show cause why a *distringas* should not issue to compel him to comply with the conditions of his bid.

Holmes, in answer to the rule, averred that by advice of Hamblet's counsel, he tendered a bond to the sheriff, with good security and special mortgage on the property sold, for the sum of one thousand four hundred dollars, bearing ten per cent. interest, on seven hundred dollars, from the 1st of November, 1830, and the same interest on seven hundred ·dollars, from the 1st of November, 1831, to add in all the cost up to that time, and the bond made payable on the 18th of October, 1835, or to settle the costs in cash. The plaintiff refused to accept his bond ; but required one for two thousand and thirteen dollars, with ten per cent. interest, from the 18th day of October, 1834, until payment, and a special mortgage. He prays that his bond, first tendered, be accepted, and the · rule discharged.

The parish judge decided that the plaintiff was entitled to interest on the amount of the two notes ; and interest thereon, up to tho day of sale, but that the interest on the aggregate sum of principal, interest and cost, from that time, until paid, should be at the rate of five per cent. per annum, according to the following calculation :

Amount of capital, in the two notes..............................$1400 00

Interest on $700, from the 4th of November 1830, to the 18th
of October, 1835...............................................347 00

Interest on $700, from the 4th of November, 1831, to the 18th
of October, 1835.............................................247 00

Interest on $484, the amount of interest due on the capital,
($1400) due the 18th of October, 1834, (day of sale) to
the 18th of October, 1835, at five per cent.......................24 20

Amount of costs........... ....................................129 00

Interest, at five per cent., for one year, on $129.........................6 45 .

Total...................................................$2183 65

Judgment was rendered, requiring the purchaser, N. Holmes, to execute his bond for the above sum, with security and special mortgage, within three days from the notification of judgment, and on failure, a writ of *distringas* to issue. He appealed, together with the curator *ad hoc* of the absent heir.

*Preston,* for the appellant.

*D. Seghers, contra.*

*Martin J.,* delivered the opinion of the court.

The plaintiff suggested and informed the court of the first instance, that at the sale of certain immoveable property, made in pursuance of an order of seizure and sale, which had been obtained against said property, in the hands of the heir of the original purchaser, the defendant became the last and highest bidder for the sum of four thousand three hundred and seventy-five dollars, payable at twelve months, with interest, at ten per cent. per annum, with mortgage retained on the land, according to law, until final payment; and that he refused to comply with the terms of sale, whereupon a rule was taken against him, to show cause why a writ of *distringas* should not issue, to compel a performance of the conditions of sale, on his part.

The defendant answered, that by the advice of the owner of the property seized, he had applied to the sheriff, offering his bond, with good security and special mortgage, for the sum of one thousand four hundred dollars, with interest at ten per cent. on seven hundred dollars, from the 1st of November, 1830, and interest, at the same rate, on the remaining seven hundred dollars, from the 1st of November, 1831, together with all costs added, and the whole sum payable on the 18th of October, 1835; or to settle the amount of costs in cash.

The Parish Court was of opinion that the plaintiff was entitled to interest on the notes due, up to the day of sale, but that the interest due thereon, as well as that due on the

costs, must be reduced to the rate of legal interest, *i. e.* five per cent. ; and, consequently, the amount of the obligation to be delivered to the plaintiff must consist, *first*, of the amount of the two notes, or one thousand four hundred dollars ; *second*, of interest, at the rate of ten per cent. from the maturity of each note, to the day on which the defendant was bound to give his obligation, *i. e.* interest at ten per cent. on seven hundred dollars, from the 4th of November, 1830 ; and on a like sum, the same interest to be allowed, from the 4th of November, 1831, on each, up to the 8th of October, 1835 ; *third*, of interest, at five per cent., on the amount of interest due on the debt, up to the day of the sale, (October 18th, 1834) ; *fourth*, the plaintiff to have interest on his costs, from the day of sale until the maturity of his obligation, on the 18th of October, 1835. According to the above *data*, the obligation of the defendant, which he was required to execute and deliver to the plaintiff, amounted to two thousand one hundred and eighty-three dollars and sixty-five cents. Judgment was given accordingly, and both the present defendant, and the one in the writ of seizure and sale, appealed.

The counsel for the appellants have assigned the following errors in the judgment of the Parish Court, and on which they claim its reversal in this court :

1. That interest on interest is allowed, which is contrary to law, and expressly forbidden by the *La. Code, art.* 1984.

2. The present defendant, with the consent of the original one, in the writ of seizure and sale, offered a bond for the amount of the plaintiff's judgment, with interest, at ten per cent. and costs, or to pay the costs in cash. This should have been accepted, and the court erred in requiring more.

The appellee has complained of the judgment, and on his part has asked that it be amended in his favor.

He contends that he is entitled to a bond or obligation, in the sum of two thousand and thirteen dollars, with interest, at the rate of ten per cent., from the 18th of October, 1834, (the day of sale) until paid ; instead of an aggregate sum of

two thousand, one hundred and eighty-three dollars and sixty-five cents, payable on the 18th of October, 1835.

HILLIGSBERG.
*vs.*
HOLMES.

It appears to this court, that the provisions of the *La. Code,* art. 1984, invoked by the appellee, relates only to the stipulations of interest, made in a contract by the parties, and does not apply to cases in which the law allows interest.

When the sheriff sells property, on a credit of twelve months, for which two-thirds of the appraised value is not offered, at the first attempt to sell, he must require from the bidder, and the plaintiff is entitled to a twelve months' bond, for the same amount as he would be entitled to in cash, if it had been a cash sale, *i. e.,* his principal debt to the day of adjudication, and costs. This, the defendant in the execution, would be obliged to pay down, if he chose to prevent the sale of his property; and this sum, the purchaser is allowed to retain during a twelve month, on condition of his paying to the plaintiff an interest of ten per cent. This would not be mulcting any one with interest upon interest, on his contract. If the defendant does not buy his own property, and he is at liberty to do so or not, at his pleasure, he is subject to no interest, simple or compound, after the adjudication. If he chooses to buy, *volenti non fit injuria.* He cannot complain, if desirous of making a new contract he be constrained to enter into it on the terms which the law imposes on others. He pays simple interest on the defined price of his purchase ; no compound interest is put on his old debt, for if he does not pay the twelve months' bond, and the creditor finds it necessary to avail himself of the judgment on which the *fieri facias* issued, we are not ready to say that the property affected by the registry of the judgment, would be burthened by any additional interest, in consequence of the purchase, nor would any property of his, seized on a *fieri facias,* issued thereafter, be liable to it.

The defendant in an execution is subject to no interest, simple or compound, after the adjudication of his property, whether on credit or for cash.

The Parish Court has, in our opinion, erred in allowing interest at a less rate than ten per cent., to the plaintiff, on any part of what he would have a right to receive in cash, if the sale had not been on credit.

72

EASTERN DIST. The judgment is, therefore, erroneous, and is annulled,
February, 1835. avoided and reversed; and this court, proceeding to give such
judgment as in our opinion ought to have been given by the
court in the first instance, we are first to ascertain what sum
the plaintiff would have been entitled to in a cash sale.

HILLIGSBERG
vs.
HOLMES.

In a sale of property under execution, on twelve months credit, the purchaser is required to give bond for the whole amount of principal, interest and costs, due on the day of sale, as if made for cash; and on that aggregate sum, the same rate of interest is allowed in the bond, as that on the original debt, from the day of sale.

He claims, first, his principal.................................................$1400 00

Second, his interest on the two notes, from maturity............484 00

Third, the costs................................................................129 00

Total.................................................................$2013 00

To this sum, he appears to us to be clearly entitled, with interest, at ten per cent., *from the day of the adjudication. Code of Practice, art.* 681.

The parish judge was of opinion, that ten per cent. ought to be added to the sum, and the bond or obligation taken for the aggregate amount of capital, interest and cost, with the additional interest for one year. The appellee contends, that the bond or obligation ought to be for the above sum, with interest at ten per cent. per annum, from the day of adjudication until final payment, and not for two thousand two hundred and fourteen dollars and fifty cents.

Either of the two last modes would satisfy the words and spirit of the Code of Practice, art. 681, so equally, that we would not have felt induced to reverse the judgment, and to substitute that which appears most correct; but we are not considering what judgment ought, in our opinion, to have been given in the inferior court. We are not at liberty to give any weight to the opinion of the first judge, in this respect.

We are pressed to add the words, *until paid.* This we decline, because the code has not used them, and because they would, perhaps, be of no use, as the *La. Code, art.* 1931, has provided, that in contracts stipulating *conventional* interest, it is due from the time stipulated for its commencement, until the principal is paid.

When the judgment of the court *a qua* is amended on appeal, although both parties asked and obtained an alteration, the appellee will be required to pay costs in both courts.

It is, therefore, ordered, adjudged and decreed, that the rule obtained by the appellee, be made absolute, and the

*distringas* issue, until the appellant, N. Holmes, shall furnish his bond, or obligation, with good and sufficient security, and a special mortgage on the property sold, in the sum of two thousand and thirteen dollars, payable on the 18th of October, 1835, with interest, at the rate of ten per cent. per annum, from the 18th of October, 1834, the appellee paying costs in both courts.

